UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DOMIEKCO DEONTA EUBANKS**                                             **CIVIL ACTION**

**VERSUS**                                                                                     **NO. 23-3177-JVM**

**MATTHEW MARTIN, ET AL.**

## ORDER AND REASONS

Plaintiff, Domiekco Deonta Eubanks, a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued Matthew Martin, Mathew Leboeuf, and Jamie Lajaunie. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1]

In his complaint, plaintiff stated his claims as follows:

> On July 23, 2023. At approximately 6:30 pm. In Terrebonne Parish Criminal Justice Center, D-400. I offender Domiekco Eubanks (777505) was in the shower area, taking a shower. When a female officer Jamie Lajaunie (1279) and a female nurse Maddie, came threw passing out medication. Unannounced, with the shower water still on. Officer Jamie Lajaunie (1279) kept looking into the shower area, and afterwards called in on the walkie-talkie to get the water turned off. A few minutes later Officer Mathew Martin (1112) and Officer Mathew Leboeuf (1227) came onto Dorm D-400's entrance, and told me to get out of the shower. To put my clothes on, and to pack my stuff to go to the hole. I told them to hold on, and to turn the shower back on. So I can finish washing my body off. That's when Mathew Leboeuf (1227) and Mathew Martin (1112) rushed into the shower area and attacked me. Instantly I started swinging back, defending myself the best way I know how. That's when Mathew Leboeuf (1227) pulled out some pepper spray, and sprayed me in my left eye, telling me to put my hands behind my back. Before I can do so, both officers tased me, while my body was still wet. When I fell to the ground, I started pulling the taser wires out. That's when Mathew Leboeuf (1227) tased me for the third time, causing me to deficate on myself. I am unaware of all the other people that was involved around me, due to the fact that I was tased three times, and incoherant at the moment. The officers handcuffed me, and took me to the nurses station. They pulled the taser promes out of my body, bandaged me up, and sent me to C-100 lockdown with a disciplinary action report,

---

[1] Rec. Doc. 17.

no shower, and also criminally charging me with obscenity, attempted disarming of a police officer, and two counts of Battery of a police officer.[2]

The defendants have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[3] **Plaintiff has not opposed the motion.** For the following reasons, the motion is hereby **GRANTED**.

Regarding motions for summary judgment, the United States Fifth Circuit Court of Appeals has explained:

> Summary judgment can be granted only where, with the evidence before the court, the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" when its resolution might affect the case's outcome under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Southern Ins. Co. v. Affiliated FM Ins. Co., 830 F.3d 337, 343 (5th Cir. 2016) (quoting Anderson, 477 U.S. at 248, 106 S.Ct. 2505).
> Although courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting from the opinion of the district court, which the Fifth Circuit adopted in full). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co., 671 F.3d 512, 517 (5th Cir. 2012) (quoting Anderson, 477 U.S. at 248, 106 S.Ct. 2505).
> There can be no genuine dispute as to a material fact where a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323, 106 S.Ct. 2548. Speculative theories cannot defeat a motion for summary judgment. See Little, 37 F.3d at 1077.

Guillot ex rel. T.A.G. v. Russell, 59 F.4th 743, 750 (5th Cir. 2023).

---

[2] Rec. Doc. 6-1.
[3] Rec. Doc. 19.

This Court's Local Rules provide: "Every motion for summary judgment must be accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue."  Local Rule 56.1.  The "Statement of Uncontested Material Facts in Support of Motion for Summary Judgment" accompanying defendants' motion states:

1. Plaintiff Eubanks at the time of the alleged incident herein was a pre-trial detainee/inmate being housed in the Terrebonne Parish Criminal Justice Complex.

2. Inmate Eubanks at the time of the alleged incident herein was masturbating in front of two female officers (one correctional officer and one medical officer) while he was in the shower and exposing himself to them.

3. As a result of plaintiff Eubanks' actions, he was charged with the crime of Obscenity and subsequently plead to same.

4. Correctional Officers/defendants Matthew Martin and Mathew LeBeouf were called via radio and advised that plaintiff Eubanks had exposed himself to two female officers.  Defendant officers viewed a surveillance video of the incident, determined that plaintiff/Eubanks had committed a crime, and entered his, Eubanks' Dorm to move him to a Lockdown dorm.

5. Correctional Officers/defendants Matthew Martin and Mathew LeBeouf confronted plaintiff Eubanks and ordered him out of the shower area (the water had been turned off) and told him to gather his belongings as he was being taken to a Lockdown Dorm.

6. Correctional Officers/defendants Matthew Martin and Mathew LeBeouf attempted to restrain/gain control of plaintiff/inmate Eubanks by placing cuffs on him and plaintiff Eubanks violently resisted causing the Correctional Officers/defendants Matthew Martin and Mathew LeBeouf to utilize both pepper spray and tasers to gain control of plaintiff Eubanks who was violently restating their efforts.

7. Plaintiff Eubanks committed the crimes of "Battery of a Police Officer" on both Correctional Officers/Defendants Matthew Martin and Mathew LeBeouf and plead to same.[4]

The Court's Local Rules further provide: "Any opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent

---

[4] Rec. Doc. 19-1.

contends present a genuine issue.  **All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.**"  Local Rule 56.2 (emphasis added).  Although plaintiff is proceeding in this matter pro se, he is nevertheless still bound by this Local Rule.  As the United States Fifth Circuit Court of Appeals has explained:

> [P]leadings of pro se litigants, including oppositions to motions for summary judgment, must be construed liberally and reviewed less stringently than those drafted by attorneys.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir. 1983), abrogated on other grounds by Hudson v. Palmer, 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), as recognized in Augustine v. Doe, 740 F.2d 322, 328 & n.10 (5th Cir. 1984).  However, "pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment."  Ogbodiegwu v. Wackenhut Corrs. Corp., 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. 1999) (per curiam) (unpublished); see also Hulsey v. Tex., 929 F.2d 168, 171 (5th Cir. 1991) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam))).  As we have explained, "[t]he notice afforded by the Rules of Civil Procedure and the local rules" is "sufficient" to advise pro se litigants of their burden in opposing summary judgment; no "particularized additional notice" for pro se litigants is required.  Martin v. Harrison Cty. Jail, 975 F.2d 192, 193 (5th Cir. 1992) (per curiam).

Thorn v. McGary, 684 F. App'x 430, 432-33 (5th Cir. 2017).  Because plaintiff filed no opposition whatsoever to the defendants' motion for summary judgment, all material facts in the defendants' foregoing statement of uncontested material facts are therefore deemed admitted for the purpose of this proceeding.  Id. at 433 ("As a result of [plaintiff]'s failure to follow the district court's summary judgment procedures, the material facts in Defendants' motion for summary judgment were 'deemed admitted' for purposes of ruling on the motion.  E.D. La. Civ. R. 56.2."); Lamelas v. Abud, Civ. Action No. 22-739, 2023 WL 3340851, at *3 (E.D. La. May 10, 2023) ("Because the instant motion is unopposed, the Court considers Defendant's statement of uncontested facts to be admitted pursuant to Local Rule 56.2." (footnote omitted)).

Turning now to plaintiff's specific claims herein, the Court finds that plaintiff is first claiming that Martin and Leboeuf used excessive force during the incident on July 23, 2023. The defendants argue that those excessive force claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).[5] The defendants are correct.

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, **or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid**, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (boldface emphasis added; footnote omitted).

The defendants argue that Heck bars plaintiff's excessive force claims because he pleaded guilty to two counts of battery on a police officer in connection with the July 23 incident. It is true that "the Heck principle applies to § 1983 excessive force claims"; however, "the determination of whether such claims are barred is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." Bush v. Strain, 513 F.3d 492, 497 (5th Cir. 2008). Therefore, in determining whether Heck bars a specific claim, a court must look to the nature of the underlying criminal offense and compare that to the claim asserted. See Ballard v. Burton, 444 F.3d 391, 401 (5th Cir. 2006).

---

[5] Rec. Doc. 19-2, pp. 6-7.

Here, the defendants have produced a transcript from the Louisiana Thirty-Second District Court. That transcript shows that on November 6, 2023, plaintiff pleaded guilty to two counts of the crime battery of a police officer.[6] The defendants' "Statement of Uncontested Material Facts in Support of Motion for Summary Judgment" – which are deemed admitted herein under Local Rule 56.2 – establish that the November 6 guilty pleas are based on plaintiff's actions in the July 23 incident on which his instant excessive force claims are based.[7] Accordingly, the question is whether those battery convictions bar plaintiff's excessive force claims. They do.

Under Louisiana law, "[b]attery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another." La. Rev. Stat. Ann. § 14:33. The specific crime at issue here, battery of a police officer, is defined as follows:

> A. (1) Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.
> (2) For purposes of this Section, "police officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, juvenile detention facility officers, federal law enforcement officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.

La. Rev. Stat. Ann. § 14:34.2(A). Therefore, "[b]attery of a police officer has three elements: the intentional use of force upon a police officer, without the consent of the officer, when the offender knows or should reasonably know that the victim is a police officer acting within the performance of his duty." State v. Ceasar, 859 So. 2d 639, 643 (La. 2003).

Based on Circuit precedent, it is clear that Heck bars the claims that Martin and Leboeuf used excessive force while subduing and restraining plaintiff. For example, in Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996), the United States Fifth Circuit Court of Appeals expressly held that a

---

[6] Rec. Doc. 19-6.
[7] Rec. Doc. 19-1.

Louisiana defendant convicted of battery on a police officer is barred by Heck from seeking damages for the alleged use of excessive force by that same officer based on the same incident. The Fifth Circuit reasoned:

> In Louisiana, self-defense is a justification defense to the crime of battery of an officer. See LSA-R.S. 14:19; Louisiana v. Blancaneaux, 535 So.2d 1341 (La.App. 1988) (discussing justification defense to battery of officer conviction). To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Blancaneaux, 535 So.2d at 1342. Because self-defense is a justification defense to the crime of battery of an officer, [plaintiff's] claim that [the defendants] used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction. We conclude therefore that to the extent that [plaintiff] seeks to recover from [the defendants] for the defendants' alleged use of excessive force during his arrest, his section 1983 action may not proceed.

Id. at 873 (footnote omitted).

The same is true in the instant case. In connection with his charges of battery of a police officer, plaintiff could have elected to urge a defense that the force used was unreasonable considering the circumstances and that his physical response was therefore warranted. He did not raise such a defense in the state court proceedings, and Heck now bars him from doing so in this federal court in a civil rights lawsuit. See, e.g., Williams v. Lowe, Civ. Action No. 18-916, 2018 WL 8343815, at *2-3 (E.D. La. Aug. 24, 2018), adopted, 2019 WL 1199100 (E.D. La. Mar. 13, 2019).

Accordingly, Martin and Leboeuf are entitled to summary judgment on the excessive force claims asserted against them.

The only remaining claim is the claim asserted against Jamie Lajaunie, but plaintiff does not expressly identify the basis of his constitutional claim against her. However, the only factual

7

allegation he makes concerning Lajaunie's involvement in the July 23 incident is that she reported plaintiff's actions, which then resulted in the arrival of Martin and Leboeuf on the scene.[8] The only possible claim that the Court can infer from that factual allegation is that Lejaunie falsely accused plaintiff of masturbating in front of her and Nurse Maddie.[9] If that is indeed plaintiff's claim against Lajaunie, then it is likewise barred by Heck.

The transcript from the Louisiana Thirty-Second Judicial District Court also shows that, on November 6, 2023, plaintiff pleaded guilty to one count of obscenity.[10] Under Louisiana law, "[t]he crime of obscenity is the intentional: … Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view, or in any prison or jail, with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive." La. Rev. Stat. Ann. § 14:106(A)(1). The defendants' "Statement of Uncontested Material Facts in Support of Motion for Summary Judgment" – which, again, are deemed admitted herein under Local Rule 56.2 – establish that the obscenity plea is likewise based on plaintiff's actions in the July 23 incident.[11] Because plaintiff pleaded guilty to the obscenity charge, Heck therefore precludes him from now claiming that Lajaunie falsely accused him of the charge. See, e.g., Ducksworth v. Rook, 647 F. App'x 383, 386-87 (5th Cir. 2016) ("In order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment. … Here, [plaintiff] was arrested for crimes for which he was ultimately convicted. Heck therefore bars recovery for his false arrest claim …, because his

---

[8] In her affidavit submitted in support of the motion for summary judgment, Lajaunie states: "I reported the actions of inmate/Plaintiff Eubanks to my supervisor Lieutenant Matthew Martin by radio." Rec. Doc. 19-5, p. 2.
[9] The individual identified in the complaint as Nurse Maddie is actually EMT Madeline LeBlanc. See id. at p. 1.
[10] Rec. Doc. 19-6.
[11] Rec. Doc. 19-1.

convictions necessarily imply that there was probable cause for his arrest." (quotation marks and brackets omitted)).

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment filed by Matthew Martin, Mathew Leboeuf, and Jamie Lajaunie, Rec. Doc. 19, is **GRANTED** and that plaintiff's claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.[12]

New Orleans, Louisiana, this __14th__ day of February, 2024.

                                                    *Janis Van Meerveld*
                                             **JANIS VAN MEERVELD**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

[12] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").